# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN A. GOLSON, JR.,

        Petitioner,        :        Case No. 3:08-cv-012

                              :        District Judge Walter Herbert Rice
    -vs-                                   Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,,

                              :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Steven Golson brought this habeas corpus action *pro se* under 28 U.S.C. §2254 to obtain relief from his conviction and sentence in the Montgomery County Common Pleas Court. The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Mr. Golson pleads three grounds for relief:

> **Ground One:** Enhanced portion of sentence void under Sixth and Fourteenth Amendments, U.S. Constitution.
>
> **Supporting Facts:** State trial court made and used "judicial factfindings" to enhance mandatory minimum sentence of six (6) years to 29 year sentence and State failed to prove enhancer/elements beyond a reasonable doubt, contrary to Due Process Clause, U.S. Constitution ("State constitutional structual [sic] defect").
>
> **Ground Two:** State of Ohio failed to prove sentencing enhancers beyond a reasonable doubt in violation of 14th Amendment.
>
> **Supporting Facts:** *Apprendi-Blakely* rule required prosecution to prove enhancers beyond reasonable doubt which State failed to do resulting in impled acquittal ("State constitutional structual [sic] defect").

>**Ground Three:** Habeas corpus relief must be made permanent under Court's pendent jurisdiction per 28 U.S.C. 1367.
>
>**Supporting Facts:** Federal habeas corpus relief must be made permanent under 28 U.S.C. 1367 and 28 U.S.C. 2243 because remand to State court for re-sentencing will violate Due Process Clause relevant to Ex Post Facto Clause & Double Jeopardy Clause per State v. Foster, (2006),109 Ohio St. 3d 1, 845 N.E. 2d 740.

(Petition, Doc. No. 1, at 6-9).

**Procedural History**

Mr. Golson was indicted, tried, and convicted in 1999 of two counts aggravated robbery and one count of kidnaping, both with firearm specifications . He was sentenced to nine years on each of the aggravated robbery convictions, five years on the kidnaping, and three years on each of the forearm specifications. His conviction was affirmed on direct appeal. *State v. Golson,* 2001 Ohio App. LEXIS 970 (Ohio App. 2nd Dist., March 9, 2001), and the Ohio Supreme Court declined to exercise further appellate jurisdiction. *State v. Golson,* 98 Ohio St. 3d 1463, 783 N.E. 2d 521 (2003).

The docket of the Montgomery County Common Pleas Court shows that Mr. Golson filed a pre-*Foster* petition for post-conviction relief on January 5, 2005, which raised a claim that his sentence had been improperly made consecutive in violation of the holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). On February 7, 2005, Judge Gorman overruled that petition, noting that the Ohio Second District Court of Appeals had held in State v. Sour, 2004-Ohio-4048, that *Blakely* did not apply to the findings required to be made by an Ohio judge before sentences could be ordered served consecutively. On May 23, 2005, the Court

-2-

of Appeals dismissed Mr. Golson's appeal from this decision because the Notice of Appeal was not timely filed. *State v. Golson*, Case No. CA 20971 (Ohio App. 2nd Dist., May 23, 2005).

On August 22, 2005, Mr. Golson filed a "Motion to Re-Enter Petition pursuant to R.C. 2953.23 Based on Blakely v. Washington." He contended Judge Gorman had turned down his first post-conviction petition because *Blakely* was not retroactive and cited to a First District Court of Appeals case which required, applying *Blakely*, that only minimum sentences be imposed in the absence of enhancing facts found by a jury. On May 30, 2006, after the *Foster* decision was handed down, Judge Gorman denied the Motion to Re-Enter because the *Foster* court had held its decision was only applicable to cases pending on direct appeal. Even though Judge Gorman's Order recited that it was a final appealable order, Mr. Golson did not appeal within the thirty days allowed by Ohio law. Instead, on September 6, 2006, he filed a Motion for Summary Judgment. On November 3, 2006, denied that Motion on the grounds that she had previously denied the Motion to Re-Enter. Mr. Golson then attempted to file a delayed appeal from the May 30th Order, but the Court of Appeals found that Judge Gorman's May 30, 2006, Order was only a denial of reconsideration of her decision on the first petition under Ohio Revised Code § 2953.21 and thus was not appealable at all. *State v. Golson*, Case No. CA 21916 (Ohio App. 2nd Dist. February 20, 2007). No further action is recorded in the Common Pleas docket.

On May 21, 2007, Petitioner filed an original action for state habeas corpus relief in the Court of Appeals of Warren County, Ohio, which is where he is confined. That court denied relief on June 20, 2007, holding that state habeas relief is not available for claimed sentencing errors and in any event Foster applied only to cases pending on direct appeal when it was decided. *State ex rel. Golson v. Moore*, Case No. CA 2007-04-054 (copy attached to Petition). The Ohio Supreme Court

affirmed on the same two bases as the Court of Appeals.  *State ex rel. Golson v. Moore*, ___ Ohio St. 3d ___, 2007 Ohio 6434, 2007 Ohio LEXIS 3044 (2007).

## The Statute of Limitations

Mr. Golson did not seek review on direct appeal in the United States Supreme Court, so his conviction became final on direct appeal on May 20, 2003, ninety days after the Ohio Supreme Court acted.  His Petition in this Court was deemed filed[1] in this Court on January 3, 2008, 1,689 days later.

Since the Petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Under 28 U.S.C. § 2244 as amended by that statute, habeas corpus petitions are subject to a one-year statute of limitations which runs from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

---

[1] The Court deems that the Petition was deposited with the prison authorities for mailing on the date it was signed by Petitioner, January 3, 2008.  Under the so-called "prison mail box" rule, the Petition is deemed filed on that date.

-4-

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002)

Mr. Golson claims his Petition is timely on the basis of 28 U.S.C. §2244(d)(1)(C) in that he asserts there was a state-created impediment to his filing which was only removed when the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), on February 27, 2006.

Of course, it has been nearly two years since *Foster* was decided. To deal with this difficulty, Mr. Golson pleads the benefit of 28 U.S.C. §2244(d)(2) which tolls the running of the statute during any time that a state prisoner has a properly filed state collateral attack on his conviction pending.

The Court rejects Mr. Golson's argument that a state-created impediment kept him from filing his *Blakely* claim prior to January 3, 2008. It is clear from review of the state court dockets and decisions that Mr. Golson was actually making *Blakely* arguments in the state courts as early as January 5, 2005. If he could make those arguments in the state courts, there was nothing which prevented him from filing a habeas corpus petition making the same arguments as early as January, 2005, or indeed at any time after *Blakely* was handed down in June, 2004. *See Minter v. Beck*, 230 F. 3d 663, 665-66 (4th Cir. 2000)(unfavorable state law precedents indicating the futility of raising

a claim in the state courts did not constitute an impediment under § 2244).

The Petition herein should be dismissed as untimely under 28 U.S.C. § 2244.

### Merits

Even if the Petition were not dismissed as untimely, it should be denied on the merits. Mr. Golson was convicted in 1999, but *Blakely* was not decided until 2004. Since Mr. Golson's case was not still pending on direct appeal when *Blakely* was decided, *Blakely* does not apply to his case. *Lang v. United States,* 474 F.3d 348, 353 (6th Cir. 2007); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); see also *Beard v. Banks*, 124 S. Ct. 2504 at 2513-14 (2004); *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007); and *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

### Conclusion

Upon this analysis, the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma*

*pauperis* and any requested certificate of appealability.

January 17, 2008.

                                         s/ **Michael R. Merz**
                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).