IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEVEN A. GOLSON, JR.,
:
       Plaintiff-Petitioner,
:
  vs.                              Case No. 3:08cv012
:
TIM BRUNSMAN, WARDEN,      JUDGE WALTER HERBERT RICE
:
       Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #3) IN THEIR ENTIRETY; PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #4) OVERRULED IN THEIR ENTIRETY; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT-RESPONDENT AND AGAINST PLAINTIFF-PETITIONER, DENYING PETITION FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY; CERTIFICATE OF APPEALABILITY, AS WELL AS ANTICIPATED REQUEST FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*, DENIED; TERMINATION ENTRY

---

      Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed January 17, 2008 (Doc. #3), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Report and Recommendations are adopted in their entirety. The Plaintiff-Petitioner's Objections to said judicial filing (Doc. #4) are overruled.

      In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The statute of limitations has clearly run against the Plaintiff-Petitioner, and said statute of limitations was not tolled by any state-created impediment to his filing his Petition in timely fashion. There is simply no exception in 28 U.S.C. § 2254(d) for a petition based upon alleged lack of state court subject matter jurisdiction.

2. Petitioner's reliance on *State of Ohio v. Cimpritz*, 158 Ohio St. 490, 491, is inapposite, given the fact that while a defendant may not, under *Blakely*, be punished with having sentencing enhancers charged and found by a jury, said principle of law does not equate with lack of subject matter jurisdiction in the trial court. Moreover, the *Cimpritz* Rule has been rejected as a matter of federal law in *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002).

3. In addition, given that Petitioner's conviction was not pending on direct appeal when *Blakely* was decided, said decision does not apply retroactively to cases on collateral appeal. *Humphress v. United States*, 388 F.3d 855 (6th Cir. 2005).

WHEREFORE, based upon the aforesaid, this Court orders the entry of final judgment in favor of the Defendant-Respondent and against Plaintiff-Petitioner herein, denying Plaintiff-Petitioner's Petition for Writ of Habeas Corpus, both upon statute of limitations grounds and upon the merits. Further, given that reasonable jurists would not disagree with this conclusion, Petitioner is denied any requested

Certificate of Appealability and, given the <u>objectively</u> frivolous nature of any appeal from this Court's decision, any anticipated request for leave to appeal *in forma pauperis* should be and, is, denied.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| January 31, 2008 | /s/ Walter Herbert Rice |
|  | WALTER HERBERT RICE |
|  | UNITED STATES DISTRICT JUDGE |

Copies to:

Steven A. Golson, Jr., Pro Se

Chief Magistrate Judge Michael R. Merz

WHR:slc

-3-