**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

STEVEN A. GOLSON, JR.,

    Petitioner, : Case No. 3:08-cv-012

: District Judge Walter Herbert Rice
  -vs-     Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,,

:

    Respondent.

### REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

    This habeas corpus case is before the Court on Petitioner Steven Golson's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4)( and (6).  As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. §636(b)(3).

    Mr. Golson's Petition pled three grounds for relief.  The Magistrate Judge recommended that the Petition be dismissed with prejudice on the grounds it was barred by the statute of limitations and also because it was without merit, since it relied on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).  Mr. Golson's conviction became final long before *Blakely* was decided, but that case applies only to cases still pending on direct appeal when it was decided (Report and Recommendations, Doc. No. 3).  District Judge Rice adopted the Report and Recommendations on both of these bases (Decision and Entry, Doc. No. 5).

    Petitioner now argues in his Motion for Relief from Judgment that the state court conviction is void because the state court did not have jurisdiction of the subject matter of his case.  The Motion

should be denied for all of the following reasons:

First of all, the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") prohibits a state prisoner from filing a second or successive habeas corpus application without the prior permission of the Court of Appeals, which Petitioner has not obtained. While a 60(b) motion is not on its face a new petition or application, it has the same function when it raises a new claim for relief. *Gonzalez v. Crosby,* 545 U.S. 524, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). While Petitioner is correct that federal courts are bound to determine their own subject matter jurisdiction *sua sponte (see Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908), that does not extend to a *sua sponte* determination of the subject matter jurisdiction of the state courts entering a conviction.

Secondly, this new claim is barred by the statute of limitations on the same basis as the original Petition. Indeed, it is filed even later than the original Petition. The pendency of this action would not have saved the Motion because pendency of a habeas petition does not toll the statute. *Duncan v. Walker,* 533 U.S. 167, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001).

Finally, this new claim is without merit. Petitioner was convicted in the Montgomery County Common Pleas Court of aggravated robbery and kidnaping, both of which are felonies under Ohio law. The Ohio Common Pleas Court is a court of general jurisdiction. In fact, it is the only court which does have subject matter jurisdiction to try felony cases.

It is therefore respectfully recommended that Petitioner's Rule 60(b) Motion be denied and that he also be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 26, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).