**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

STEVEN A. GOLSON, JR.,

:

    Petitioner,                                     Case No. 3:08-cv-012

                                      :                   District Judge Walter Herbert Rice
    -vs-                                             Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,,

:

    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF
FROM JUDGMENT**

---

This habeas corpus case is before the Court on Petitioner Steven Golson's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4)( and (6) (Doc. No. 11). The Magistrate Judge filed a Report and Recommendations (Doc. No. 12) and Petitioner has now objected (Doc. No. 13). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Mr. Golson's Petition pled three grounds for relief. The Magistrate Judge recommended that the Petition be dismissed with prejudice on the grounds it was barred by the statute of limitations and also because it was without merit, since it relied on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). Mr. Golson's conviction became final long before *Blakely* was decided, but that case applies only to cases still pending on direct appeal when it was decided (Report and Recommendations, Doc. No. 3). District Judge Rice adopted the Report and Recommendations on both of these bases (Decision and Entry, Doc. No. 5).

Petitioner argues in his Motion for Relief from Judgment that the state court conviction is void because the state court did not have jurisdiction of the subject matter of his case. The Report and Recommendations recommended the Fed. R. Civ. P. 60 Motion be denied because (1) it was the equivalent of a second or successive habeas petition – because it raised a new claim for relief – and could not be filed without permission from the Court of Appeals, (2) the new claim was also barred by the statute of limitations, and (3) the new claim was without merit (Doc. No. 12).

### Petitioner's Objections

Petitioner's first argument is that clearly established United States Supreme Court law requires federal courts to decide -- *sua sponte* if necessary – not only their own subject matter jurisdiction, but also that of "the court from which the record comes," Objections at 1, quoting *Steel Co. v. Citizens for Better Env.*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

The cited authority does not establish the point for which it is cited, to wit, that federal district courts in habeas corpus cases are bound to consider *sua sponte* the jurisdiction of the courts in which the conviction occurred. In *Steel Co., supra*, the Supreme Court rejected the doctrine of hypothetical jurisdiction which would allow a district court to decide the merits of a case while assuming arguendo that it had subject matter jurisdiction. The language quoted is taken from *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900). In that case and in the quoted language, the Supreme Court is discussing its own obligation "on every writ of error or appeal" to decide the original jurisdiction of district court from which the case comes. That proposition is very well established. See *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462

(1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).  But habeas corpus cases do not come to federal court on writs of error or appeal.  They are instead original actions.  Mr. Golson cites no authority for the proposition that we are bound to consider *sua sponte* any question about the jurisdiction of the courts whose convictions are brought to us in habeas.

Mr. Golson next objects that the Report's conclusion that his claim is barred by the statute of limitations is in error because subject matter jurisdiction defects are not forfeitable.  While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction.  It is well established that habeas jurisdiction must be conferred by statute and it not inherent in the federal courts.  *Ex parte Bollman,* 8 U.S. 75 (1807)(Marshall, C.J.)

In his third objection, Mr. Golson asserts that for this Court to find the Ohio Common Pleas Court had subject matter jurisdiction would be somehow to reinterpret Ohio law, which we may not do, because we are bound by Ohio courts interpretations of the State's own law.  While that proposition is true, Mr. Golson fails to show how the Report and Recommendations "reinterprets" Ohio law.  And he cites to no Ohio case law for the proposition that failure to plead sentence enhancing facts in an indictment somehow deprives the Common Pleas Court of its undoubted jurisdiction over felony crimes.  *State v. Cimpritz,* 158 Ohio St. 490, 110 N. E. 2nd 416 (1953), on which he relies, merely holds that an indictment or other charging instrument which omits an element does not confer jurisdiction on the court in which it is filed.  The fact that under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), a sentencing-enhancing fact

must be pleaded and proved as if it were an "element" does not mean that all such facts are made into elements of crimes as a matter of state law.  Indeed, the Supreme Court has recognized that the definition of "elements" is a matter for the States, and not for federal constitutional law.  *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368  (1970).

### Second or Successive Petition

A more fundamental reason why Petitioner's Fed. R. Civ. P. 60(b) Motion should be denied and indeed why his Petition itself should have been denied in the first instance is that both the Petition and the Fed. R. Civ. P. 60(b) Motion are successive habeas petitions.  As noted in the Report and Recommendations on the 60(b) Motion, second or successive habeas corpus petitions are forbidden by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") unless a petitioner obtains pre-filing permission from the Court of Appeals.

When he filed the Petition in this case, Mr. Golson did not disclose that he had already filed a habeas corpus petition attacking the same conviction in 2003. In preparing this case for the Court of Appeals, however, Deputy Clerk Shelia Coats discovered *Golson v. Brigano*, 3:03-cv-475, a prior habeas petition by Mr. Golson attacking the same 29-year sentence he attacks in this case.  Final judgment dismissing the Petition with prejudice was entered in that case on March 24, 2004, and not appealed.   After such a dismissal, a habeas petitioner must have permission of the Court of Appeals to file.  *In re Benedict Joseph Cook,* 215 F. 3rd 606 (6th Cir. 2000).  Indeed, a district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton*

*v. Stewart*, 549 U.S. ___, 127 S.Ct. 793, 166 L. Ed. 2d 628 (2007).

Accordingly, both the original Petition and the Fed. R. Civ. P. 60(b) Motion should be denied and dismissed for lack of subject matter jurisdiction, as well as the other reasons already given. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability because reasonable jurists would not disagree with these conclusions.

March 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).